**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30168 |
| Plaintiff - Appellee, | D.C. No. 2:97-cr-00283-JLR |
| v. | |
| TIMOTHY MICHAEL MITCHELL, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30169 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00213-JLR |
| v. | |
| TIMOTHY MICHAEL MITCHELL, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted April 5, 2010
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

Timothy Mitchell appeals his jury conviction and sentence for possession of cocaine with intent to distribute and possession of methamphetamine with intent to distribute. We affirm.

1. The district court did not abuse its discretion when it allowed the Government to present evidence at trial that Mitchell had admitted possession of the drugs at issue before a magistrate judge, who was conducting a hearing to determine whether Mitchell violated the terms and conditions of his pre-existing supervised release (even though those admissions were later withdrawn). We review the district court's ruling on Mitchell's evidentiary objection for abuse of discretion. *United States v. Parks*, 285 F.3d 1133, 1138 (9th Cir. 2002).

Mitchell does not challenge the relevancy of his comments before the magistrate court; Federal Rule of Evidence 410 does not prohibit the admission of such evidence. Although such admissions might be analogized to a plea of guilty, Mitchell's statements were unlike the acceptance of a guilty plea at trial, because a probation violation hearing seeks to determine whether the probationer breached the court's trust; it does not seek to adjudicate criminal guilt or to punish the probationer for commission of the underlying offenses constituting the probation violation. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

2

Furthermore, even if the district court abused its discretion, the Government has demonstrated that any error was harmless, because the jury was presented with overwhelming evidence of Mitchell's guilt. Therefore, the alleged error did not materially affect the verdict. *United States v. Rahm*, 993 F.2d 1405, 1415 (9th Cir. 1993).

2. The district court did not commit error in finding that Mitchell was subject to a sentencing enhancement based upon his status as a "career offender." The relevant dispute at sentencing was whether Mitchell was in custody in May of 1993, on either his 1988 or 1980 convictions for possession of methamphetamine with intent to distribute. Relying upon six exhibits put forth by the Government and entered into the record at sentencing, the district court made a factual finding that he was. Although Mitchell disagrees with the court's final determination, he cannot show that the court committed clear error in finding (1) these documents established he was in custody in May of 1993 and (2) when combined with other undisputed aspects of his criminal history, he was subject to an enhancement as a career offender. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

Mitchell next argues that the district court should have relied upon only "judicially noticeable" documents, as defined in *Taylor v. United States*, 495 U.S. 575 (1990). However, when a court must determine the length of time between an

instant offense and release from a previous offense, the "*Taylor* problem does not arise . . . because [the facts] are independent of the nature of the underlying offense." *United States v. Ellsworth*, 456 F.3d 1146, 1152 (9th Cir. 2006). Here, Mitchell has conceded that his previous convictions qualify as drug convictions under the relevant Sentencing Guideline. The only question before the sentencing court was the length of time between the commission of the instant offense and when Mitchell finished serving his sentence on the previous crimes. When *Taylor* does not apply, a sentencing court may, generally, "consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S. Sentencing Guidelines Manual § 6A1.3(a). *See also Witte v. United States*, 515 U.S. 389, 400–01 (1995) (noting that sentencing courts have traditionally considered a wide range of information, including prior criminal conduct). Mitchell has not argued that the exhibits failed to meet this standard. Therefore, the court did not err in considering the exhibits put forth by the Government.

3. The district court properly corrected Mitchell's original sentence, pursuant to Federal Rule of Criminal Procedure 35(a). Rule 35(a) states that a "court may correct a sentence that resulted from arithmetical, technical, or other

clear error." In *United States v. Carty*, we held that "[a]ll sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly." 520 F.3d 984, 991 (9th Cir. 2008) (en banc). "It would be procedural error for a district court to fail to calculate—or to calculate incorrectly—the Guidelines range;" "a procedurally erroneous . . . sentence will be set aside." *Id*. at 993. Both parties agree that the district court incorrectly calculated the Guidelines range at the initial sentencing hearing.

Mitchell's conviction and subsequent sentence are **AFFIRMED**.